UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 09-6194-VBF(FMOx)**                   Dated: **April 28, 2010**

Title:    Julie M. Barney, et al. -v- Old Mother Hubbard, Inc., et al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

   Joseph Remigio                              None Present
   Courtroom Deputy                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

   None Present                                None Present

**PROCEEDINGS (IN CHAMBERS):**      **TENTATIVE RULING RE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION (DKT. # 48)**

The Court has received, read, and considered the Motion By Plaintiffs For Class Certification ("Motion")(dkt. #48), Plaintiffs' Amended Notice Of Motion ("Notice")(dkt. #60), Defendant's Opposition (dkt. #74), Plaintiffs' Reply (dkt. #78), and related papers.

**I.   Tentative Ruling**

For the reasons described in this Order, the Court's tentative ruling is to DENY Plaintiffs' Motion. The Court tentatively finds that Plaintiffs fail to carry their burden of showing satisfaction of the requirements of Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b) for the reasons described below.

**II.  Analysis Supporting Tentative Ruling**

The named Plaintiffs Julie M. Barney and Candice Winzen allege that they saw and relied on misrepresentations located on Defendant's packaging and website that Defendant's dog food was "the same quality you would feed to

MINUTES FORM 90                         Initials of Deputy Clerk ___jre___
CIVIL - GEN

your family" and "Fit for Human Consumption."[1]  *See* Second Amended Complaint ("SAC") ¶¶ 15-16.  Based thereon, Plaintiffs assert claims for violation of California's Consumers Legal Remedies Act ("CLRA"), fraud, violation of Cal. Bus. Prof. § 17200 ("UCL"), and breach of warranty.  Plaintiffs seek to certify a class consisting of: "All citizens of California only who purchased Wellness brand pet food within the last 4 years."  Notice at 2:12-13.[2]

"When adjudicating a motion for class certification, the court accepts the allegations in the complaint as true if those allegations are sufficiently specific to permit an informed assessment as to whether the requirements of Rule 23 have been satisfied." *Davis v. Astrue*, 250 F.R.D. 476, 484 (N.D. Cal. 2008)(*citing Blackie v. Barrack*, 524 F.2d 891, 901 n. 17 (9th Cir. 1975)).  The merits of the class members' substantive claims are generally irrelevant to this inquiry. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78 (1974).  However, courts may "consider evidence which goes to the requirements of Rule 23 even though the evidence may also relate to the underlying merits of the case." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992)(*citing In re Unioil Sec. Litig.*, 107 F.R.D. 615, 618 (C.D. Cal. 1985)).

The party seeking class certification bears the burden of demonstrating that each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are met. *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).  The Court finds that Plaintiffs have not met their burden.

    **A.**    **Fed. R. Civ. P. 23(a)**

        **1.**    **Numerosity (Fed. R. Civ. P. 23(a)(1))**

---

[1] Although the SAC describes alleged misrepresentations in a magazine advertisement (SAC ¶ 11, Ex. 1), the named Plaintiffs do not allege or declare that they ever saw or relied on those misrepresentations.

[2] The putative class is differently defined in Plaintiffs' Memorandum Of Points And Authorities ("All citizens of California only who purchased Wellness brand pet food that contained animal meals in California within the last 4 years")(Mtn. at 8:26-27) and SAC ("All persons located within California who purchased WELLNESS dry Dog Food within the last 4 years")(SAC ¶ 18).  For the purposes of this Order, the Court uses the putative class definition stated in the Notice.

MINUTES FORM 90                                    Initials of Deputy Clerk    jre
CIVIL - GEN

Rule 23(a)(1) states that a class action may be maintained only if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

Plaintiffs rely on the "research performed by Plaintiff's counsel" to assert that "the size of the class is believed to be in the thousands." Mtn. at 10:19-21.  However, the underlying declaration cited only states that "[i]n connection with my conducted research regarding the factual and legal issues in this action, I have determined that the likely purchasers of Wellness brand pet foods number in the many thousands." Ferrell Decl. ¶ 11.  There is no other support for Plaintiff's assertion of numerosity.

Defendant does not challenge numerosity at all, possibly because as a factual matter, numerosity would not be a bar to this class action. Although the Court's ultimate denial of certification does not rely on the numerosity issue, the Court finds that Plaintiffs' reliance on a conclusory declaration raises serious questions about whether Plaintiffs' met their burden to show numerosity.

### 2. Commonality (Fed. R. Civ. P. 23(a)(2)) And Typicality (Fed. R. Civ. P. 23(a)(3))

Rule 23(a)(2) requires that there be either questions of law or fact common to the class.  "All questions of fact and law need not be common to satisfy the rule.  The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Rule 23(a)(3) requires that claims and defenses of the representative parties be typical of the claims or defenses of the class. "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same conduct." *Hanon*, 976 F.2d at 508.

Plaintiffs must convince the Court that certification is appropriate as to each of their claims for which they seek certification. *See* Fed. R. Civ. P. 23(c)(1)(B).  For Plaintiffs' misrepresentation claims (fraud, UCL, and CLRA), Plaintiffs need to show that they (1) saw and considered statements about the human grade ingredients in the products and (2)

relied on those statements.[3]  *See Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 946 (S.D. Cal. 2007)("California requires a plaintiff suing under the CLRA for misrepresentations in connection with a sale to plead and prove she relied on a material misrepresentation"); *Caro v. Proctor & Gamble Co.*, 18 Cal. App. 4th 644, 668 (1993)(for claims based on alleged misrepresentations on product label, plaintiff had to establish that without the misrepresentation, plaintiff would not have acted as he did); *Gonzalez v. Proctor and Gamble*, 247 F.R.D. 616, 626 (S.D. Cal. 2007)(no certification of UCL and CLRA claims where the "allegations depend on multiple sources of representations by Defendant that a large portion of the proposed class may not have ever been exposed to or relied upon").

Plaintiffs assert that this is a case of common issues because it involves a dog food product line with uniform misrepresentations. Plaintiffs assert that the issues to be proved on a class-wide basis are: (1) Did Defendant advertise its dog food as "human grade" and "the same quality you would feed to your own family?"; (2) is Defendant's dog food "human grade" and fit for human consumption?; (3) did Defendant make these representations with knowledge they were false or misleading; (4) and did Defendant have adequate substantiation to guarantee that its pet food was indeed human grade and fit for human consumption?  Mtn. at 11:8-17.  The named Plaintiffs also assert that their claims are both typical of and substantively identical to those of the putative class because each of the Plaintiffs purchased a Wellness brand dog food product that Defendant advertised as being made with human grade ingredients and fit for human consumption.  Mtn. at 12:18-21.  The named Plaintiffs claim to have suffered the same injury as the putative class – the loss of the purchase price – and to seek an injunction on behalf of all class members.  Mtn. at 12:23-27.  Plaintiffs provide inadequate support for their assertions.

---

[3] As Defendants assert, Plaintiffs do not make any arguments aimed at specifically certifying a class based on Plaintiffs' breach of warranty claim.  Accordingly, Plaintiffs have not met their burden of demonstrating that class certification is warranted for this cause of action.  *See* Fed. R. Civ. P. 23(c)(1)(B); *Zinser,* 253 F.3d at 1186.  In addition, Plaintiffs' potential request for certification of its breach of warranty cause of action falls along with the rest of its misrepresentation claims, as described below in this section. Plaintiffs' failure to show a sufficiently uniform representation viewed by the putative class also defeats certification under a breach of warranty theory.  *See Osborne v. Subaru of America, Inc.*, 198 Cal. App. 3d 646, 661 (1988).

| MINUTES FORM 90 | Initials of Deputy Clerk ___jre___ |
|---|---|
| CIVIL - GEN | |

Plaintiffs base their motion on the assertion that when a defendant is shown to have engaged in deliberate false advertising, reliance on those false advertisements may be presumed as a matter of law.  However, the authorities cited by Plaintiffs for this assertion do not support applying such a presumption in this case.  In *In re Tobacco II Cases*, the California Supreme Court held that unnamed class members did not have to show individual standing under the UCL.  46 Cal. 4th 298, 314-21 (2009).  However, *Tobacco II*'s discussion of UCL standing for class members did not alter the requirement that the plaintiffs show *commonality* as to their misrepresentation claims in order to achieve class certification.  *See Cohen v. DirecTV, Inc.*, 178 Cal. App. 4th 966, 979-82 (2009).  In *Vasquez v. Sup. Ct.*, reliance was inferred based on the trial court's finding that common material misrepresentations were made to all class members.  4 Cal. 3d 800, 814 (1971).  Here, there Plaintiffs make an insufficient showing of a common misrepresentation made to the putative class members.

Taking Plaintiffs' specific factual allegations as true, the Court will assume for purposes of this Motion that Plaintiffs did indeed view the statements that Defendant's dog food products "are the same quality you would feed to your family" and are "Fit for Human Consumption" on Defendant's "website and packaging."  *See* SAC ¶¶ 15-16; *see also* Barney Decl. ¶ 2; Winzen Decl. ¶ 2 (declaring that Defendant's "advertising and marketing packaging identified it as being made with all 'human grade' ingredients and fit for human consumption").  However, Plaintiffs make no showing that the representations that they claim to have seen on Defendant's packaging[4] were actually viewed by any other members of the putative class.

Defendant submits a declaration from Jean Lizotte, Defendant's Vice President of New Products, stating that she is responsible for maintaining the records and files of Defendant's product labeling from April 2001 through the present date.  Lizotte Decl. ¶ 4.  Ms. Lizotte declares that "[n]one of the labels or package designs of Wellness products offered for sale since March 2006 stated or currently state that the products or any of the ingredients are 'human grade' or fit for human consumption."  *Id.* ¶ 5.  Defendant submits copies of 8 different labels from various Wellness pet food products that do not contain the misrepresentations about which Plaintiff complains.  *See* Lizotte Decl. Ex. A.  Ms. Lizotte also declares that there are over 60 varieties of Wellness pet food products, each with a different set of ingredients.  Lizotte Decl. ¶ 5.

---

[4]There appears to be no dispute for purposes of this Motion that the challenged phrases have appeared on Defendant's website.

| MINUTES FORM 90 | Initials of Deputy Clerk ___jre___ |
|---|---|
| CIVIL - GEN | |

Critically, although Plaintiffs submit copies of Defendant's website and print advertising, Plaintiffs do not submit any copies of Defendant's packaging that includes the alleged misrepresentations at issue.[5] The only copies of packaging before the Court, submitted by Defendant, do not contain the alleged misrepresentations. Based on the evidence before the Court, and even assuming Plaintiffs' allegations the packaging they personally viewed to be true, the Court does not find that the alleged misrepresentations at issue were contained on the packaging of the food products commonly purchased and potentially viewed by the members of the putative class. *See Hanon*, 976 F.2d at 509 (court may consider evidence that goes to the requirements of Rule 23, even where the evidence also relates to the underlying merits of the claim). Although it might possibly have been reasonable for the Court to infer that statements generally on the packaging of Defendant's products were viewed by a substantial portion of the putative class members who bought those products, Plaintiffs have presented no evidence that a substantial portion of the putative class members have viewed Defendant's website.

Defendant has also submitted declarations from 23 consumers, 14 of whom stated that they had not visited the Wellness website, and all of whom stated they did not rely on the alleged misrepresentations for their purchasing decisions. *See* Peterson Decl. Ex. B. Further, although the SAC lists alleged misrepresentations related to *dog* food products and the named Plaintiffs only claim to have purchased *dog* food products, the noticed putative class contains the broader category of purchasers of all Wellness "*pet* food." Notice at 1:12-13 (emphasis added).[6] *See Gartin v.*

---

[5]In Plaintiffs' Reply, Plaintiffs submit a purported label attached to Wellness products that includes the representation "no by-products." However, this representation was not described in the SAC or the Motion and therefore certification for claims related to this representation are not properly before the Court.

[6]There is also a discrepancy between the putative class as described in Plaintiffs' Memorandum of Points and Authorities ("All citizens of California only who purchased Wellness brand pet food **that contained animal meals in California** within the last 4 years") (emphasis added) and the putative class as described in Plaintiffs' Notice ("All citizens of California who purchased Wellness brand pet food within the last 4 years"). While this discrepancy appears to have raised questions regarding whether there might be conflict of law issue (Opp. at 3:2-12), and the ambiguity provides an additional reason that Plaintiffs have failed to satisfy their burden for class certification, this discrepancy is not dispositive for this Opinion.

MINUTES FORM 90                                     Initials of Deputy Clerk ___jre___
CIVIL - GEN

*S & M NuTec LLC*, 245 F.R.D. 429, 441 (C.D. Cal. 2007)(putative class rejected as overbroad).

In sum, Plaintiffs do not make a sufficient showing that the alleged misrepresentations were ever viewed or relied on by a substantial portion of the putative class members.  Thus, Plaintiffs have not made a sufficient showing of common issues of law or fact, or that the representative parties' claims are typical of the claims of the class. *See Gonzalez v. Proctor and Gamble Co.*, 247 F.R.D. 616, 626 (S.D. Cal. 2007)(denying certification of UCL and CLRA claims where "Plaintiff's allegations depend on multiple sources of representations by Defendant that a large portion of the proposed class may not have ever been exposed to or relied upon"); *see also Cohen*, 178 Cal. App. at 979 (class certification denied where putative class would have included parties who never saw the challenged advertisements and never relied on the challenged advertisements).

### 3.    Adequacy (Fed. R. Civ. P. 23(a)(4))

Rule 23(a)(4) requires that the representative parties will fairly and adequately protect the interests of the class.  Because the Court finds that the other requirements of Fed. R. Civ. P. 23(a) are not met, the Court is required to deny the Motion and it need not address Fed. R. Civ. P. 23(a)(4).  *See Gonazalez*, 247 F.R.D. at 622.

### B.    Fed. R. Civ. P. 23(b)

Although the Court is required to deny the Motion based on its findings under Rule 23(a), the Court will also briefly address Rule 23(b) for the sake of completeness.  Plaintiffs seek to certify their class under both Fed. R. Civ. P. 23(b)(2) and 23(b)(3).

### 1.    Fed. R. Civ. P. 23(b)(2)

A class may be certified under Rule 23(b)(2) when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).  Rule 23(b)(2) classes are not prohibited from seeking monetary relief, but certification of such classes is inappropriate where the monetary relief sought predominates over the injunctive relief being sought. *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304 (9th Cir. 1977).

As more fully explained above in Section II.A.2, the Court does not find that the party opposing the class has acted on grounds that apply generally to the class. There is insufficient evidence that Defendant has generally made misrepresentations that were viewed or relied on by a substantial portion of the class sought to be certified. Further, the Court finds that the request for monetary relief predominates over the injunctive relief sought. *See* Mtn. at 16:14 (acknowledging that the monetary claims are substantial); SAC ¶ 40 and Prayer for Relief (seeking restitution, disgorgement, compensatory and general damages and punitive damages).

For these additional reasons, the Court finds that certification under Fed. R. Civ. P. 23(b)(2) is not appropriate. *See In re Paxil Litig.*, 218 F.R.D. 242, 247-28 (C.D. Cal. 2003)(denying certification under Rule 23(b)(2)).

### 2.   Fed. R. Civ. P. 23(b)(3)

Rule 23(b)(3) allows a district court to certify a class when common questions predominate over any questions affecting only individual members, and when class resolution is superior to other available methods for the fair and efficient adjudication of the controversy. See Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3) focuses on the relationship between the common and individual issues, testing whether a proposed class is sufficiently cohesive to warrant adjudication by representation. *See Local Joint Executive Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001).

As more fully explained above in Section II.A.2, the Court does not find that common questions predominate over any questions affecting only individual members. There is insufficient evidence that putative class members other than the named Plaintiffs have viewed or relied on the misrepresentations at issue. *See Gonzalez,* 247 F.R.D. at 626 (finding that plaintiff failed to meet burden under Rule 23(b)(3) where insufficient showing that class relied on same misrepresentations).

### C.   Evidentiary Matters

The Declaration of Jean Lizotte attaches two customer surveys purportedly conducted for purposes unconnected to any litigation. Lizotte Decl. Exs. B and C. However, the methodology used for these surveys is not described under penalty of perjury by anyone with first-hand knowledge of how the survey data was collected or summarized. Fed. R. Evid. 702. Accordingly, the Court cannot determine that these surveys use a reliable methodology, and therefore did rely on them for purposes of this Motion.

MINUTES FORM 90                              Initials of Deputy Clerk ___jre___
CIVIL - GEN

To the extent that the Court relies on evidence in this Order, evidentiary objections pertaining to that evidence are overruled.  The admissibility of other evidence is not outcome-determinative at this time, so the Court need not rule on such evidence.